# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 10-20018-01-KHV |
| ) | |
| LAMONT T. DRAYTON, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On March 22, 2011, the Court sentenced defendant to 240 months in prison. On October 19, 2011, the Tenth Circuit dismissed defendant's appeal based on his waiver in the plea agreement. This matter is before the Court on defendant's letter (Doc. #107) filed July 17, 2012, which the Court construes as a motion for copies of transcripts and court documents.

In his motions, defendant asks for copies of transcripts and a co-defendant's plea agreement. To the extent that defendant is willing to pay for copies, he should send a request to the Clerk's Office, United States Courthouse, 500 State Avenue, Kansas City, KS 66101. To the extent that defendant seeks free copies, defendant has not shown that absent the documents, he cannot prepare a Section 2255 motion. Absent a showing of a particularized need, the Court generally does not provide copies of transcripts or other information to indigent prisoners. Rule 7 of the Rules Governing Section 2255 Proceedings (if motion not summarily dismissed, court may order expansion of record to include additional materials relevant to motion); see 28 U.S.C. § 753 (fees for transcripts paid by United States if judge certifies that suit or appeal is not frivolous and that transcript is needed to decide issue presented); 28 U.S.C. § 2250 (United States shall furnish without cost to indigent prisoner such documents as judge may require); Brown v. N.M. Dist. Court Clerks,

141 F.3d 1184, 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998) (to obtain free copy of transcript, habeas petitioner must demonstrate claim not frivolous and materials needed to decide issue presented by suit); United States v. Sistrunk, 992 F.2d 258, 260 (10th Cir. 1993) (under 28 U.S.C. § 753(f), indigent defendant entitled to free copy of transcript on showing of particularized need); Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner does not have right to free transcript simply to search for error in record); see also United States v. Horvath, 157 F.3d 131, 132 (2d Cir. 1998) (motion for free transcript under Section 753 not ripe until Section 2255 motion has been filed). The Court therefore overrules defendant's request for free copies of transcripts and his co-defendant's plea agreement.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #107) filed July 17, 2012, which the Court construes as a motion for copies of transcripts and court documents, be and hereby is **OVERRULED**.

Dated this 28th day of August, 2012, at Kansas City, Kansas.

                                        s/ Kathryn H. Vratil
                                        KATHRYN H. VRATIL
                                        United States District Judge